```
IN THE UNITED STATES DISTRICT COURT
  FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
             JACKSON DIVISION
```

**UNITED STATES OF AMERICA**

                                                CRIMINAL NO. 3:07-cr-149-WHB-LRA

**CALVIN RAMSEY**

## OPINION AND ORDER

This cause is before the Court on the Motion of Defendant for Judgment of Acquittal or New Trial. The Court has considered the Motion, Response, as well as supporting and opposing authorities and finds that the Motion is not well taken and should be denied.

### I.  Background

On November 7, 2007, a two-count indictment was returned against Defendant, Calvin Ramsey ("Ramsey"), charging that he submitted a fraudulent 2000 U.S. Individual Income Tax Return Form 1040 (Count 1) and a fraudulent 2001 U.S. Individual Income Tax Return Form 1040 (Count 2), both in violation of 26 U.S.C. § 7206(1). The case was tried to a jury, which returned a verdict of guilty as to both Counts on October 22, 2008. Ramsey has now moved for a judgment of acquittal or new trial pursuant to Rules 29 and 33 of the Federal Rules of Criminal Procedure, respectively.

## II. Standards

A motion for judgment of acquittal under Rule 29[1] "challenges the sufficiency of the evidence to convict." United States v. Hope, 487 F.3d 224, 227 (5th Cir. 2007) (quoting United States v. Lucio, 428 F.3d 519, 522 (5th Cir. 2005)). Thus, in this Circuit, "[t]he only proper basis for a motion for judgment of acquittal is a challenge to the sufficiency of the government's evidence." Id. (citations omitted). When deciding a motion for judgment of acquittal under Rule 29, the Court applies the following standard:

> Th[e] standard asks whether a reasonable jury could conclude that the relevant evidence, direct or circumstantial, established all of the essential elements of the crime beyond a reasonable doubt when viewed in the light most favorable to the verdict. See United States v. Scott, 159 F.3d 916, 920 (5th Cir. 1998). The standard does not require that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt. United States v. Baytank (Houston), Inc., 934 F.2d 599, 616 (5th Cir. 1991). "'A jury is free to choose among reasonable constructions of the evidence.'" Id. (quoting United States v. Bell, 678 F.2d 547, 549 (5th Cir. Unit B 1982) (en banc)). And it retains the sole authority to weigh any conflicting evidence and to evaluate the credibility of the witnesses. United States v. Millsaps, 157 F.3d 989, 994 (5th Cir. 1998).

United States v. Loe, 262 F.3d 427, 432 (5th Cir. 2001)(alterations in original).

---

[1] For the purposes of this Opinion and Order, the term "Rule" refers to the Federal Rules of Criminal Procedure.

Under Rule 33, on motion of the defendant, a court "may grant a new trial if required in the interest of justice." United States v. Robertson, 110 F.3d 1113, 1117 (5th Cir. 1997) (citing FED. R. CRIM. P. 33). "The remedy of a new trial is rarely used; it is warranted only where there would be a miscarriage of justice or where the evidence preponderates heavily against the verdict." United States v. O'Keefe, 128 F.3d 885, 898 (5th Cir. 1997) (alterations in original)(citations omitted). Additionally, the United States Court of Appeals for the Fifth Circuit has "observed that [the power to grant a new trial] should be exercised infrequently by district courts, [and not] unless warranted by 'exceptional' circumstances." United States v. Tarango, 396 F.3d 666, 672 (5th Cir. 2005) (citing United States v. Scroggins, 379 F.3d 233, 239 (5th Cir. 2004)).

### III.  Discussion

In his Motion, Ramsey first argues that he is entitled to a judgment of acquittal/new trial on the grounds that statements he made to the Internal Revenue Service ("IRS") were improperly admitted as evidence at trial. Specifically, Ramsey argues that the statements should not have been admitted because his "right to counsel was undermined as a result of the failure of the IRS to advise him that his accountant, Winfred Fulgham, an unenrolled tax preparer who was neither a CPA nor an attorney, was not authorized

3

to represent [him] in the criminal investigation performed by the IRS." See Def.'s Mot. [Docket No. 31], at 2.[2] After reviewing the pleadings, the Court finds it did not err by allowing Ramsey's statements to the IRS to be introduced at trial.

Second, Ramsey argues that he is entitled to a judgment of acquittal/new trial on the grounds that statements made by Winfred Fulgham ("Fulgham") were introduced at trial in contradiction to the Order entered by the Court on his Motion in Limine to exclude such statements. Having reviewed the pleadings, the Court finds that Ramsey has failed to show that statements made by Fulgham were improperly introduced at trial.

Finally, Ramsey argues that he is entitled to a judgment of acquittal/new trial on the grounds that photographs of his home were improperly introduced at trial. Specifically, Ramsey argues that the photographs should have been excluded because the "Government did not put on any evidence regarding how much, if anything, [he] owes on his home, whether any costs associated with [his] home caused [him] to suffer financial strain, or any other matter that might speak to [his] motive." See Def.'s Mot., at 6. Having reviewed the pleadings, the Court finds that the photographs were relevant on the issue of motive and, therefore, it did not err in admitting them as evidence at trial.

---

[2] The Court previously considered and rejected the same arguments raised by Ramsey in his current Motion when it denied his Motion to Dismiss.

4

After reviewing the pleadings, the Court finds it did not err by allowing Ramsey's statements to the IRS and/or photographs of his home to be introduced as evidence at trial, and that Ramsey has failed to show that statements made by Fulgham were improperly introduced at trial.  Based on the evidence introduced at trial, the Court finds that a reasonable trier of fact could find that that evidence established guilt beyond a reasonable doubt, and that that evidence did not preponderate heavily against the verdict. Additionally, the Court finds that Ramsey has failed to show that a miscarriage of justice would result in the event a new trial is not granted.  Accordingly, the Court finds that Ramsey's Rule 29 Motion for Judgment of Acquittal, and his Rule 33 Motion for New Trial, should both be denied.

### III.  CONCLUSION

For the foregoing reasons:

IT IS THEREFORE ORDERED that Defendant's Motion for Judgment of Acquittal or New Trial [Docket No. 31] is hereby denied.

SO ORDERED this the 21st day of January, 2009.

                                          s/William H. Barbour, Jr.
                                          UNITED STATES DISTRICT JUDGE